UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YINGHONG LI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. 24-cv-04577-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND REMAND TO STATE COURT**<br><br>Re: Dkt. No. 20 |

Plaintiff Yinhong Li sued Defendant Wells Fargo Bank and Doe Defendants for discrimination and wrongful termination based on her physical disability. (Dkt. No. 1.) Ms. Li now seeks to amend her complaint to join Khaled el Zahhar, a non-diverse defendant, and add a cause of action to her complaint against Mr. el Zahhar and Wells Fargo for workplace harassment. (Dkt. No. 20.) Ms. Li also seeks to remand this action to state court if the Court permits her proposed amendment. (*Id.*) After carefully considering the parties' written submissions, including post-hearing submissions, and having had the benefit of oral argument on December 12, 2024, the Court GRANTS Ms. Li's motion.

## BACKGROUND

### I.   Complaint Allegations

Ms. Li worked for Wells Fargo for approximately 16 years, working "as a Home Mortgage Consultant for the last 9 to 10 years" of her time there. (Dkt. No. 29 ¶ 10.) Three years prior to her employment termination in 2024, Ms. Li began to suffer from vision issues, eventually requesting "leave of absence to allow her eyes time to heal," though Wells Fargo told her it "did not provide for a leave of absence." (*Id.* ¶ 11.) In 2022, Ms. Li was diagnosed with "Macular disease in the left eye." (*Id.* ¶ 12.) Ms. Li subsequently communicated to Wells Fargo's Workers'

1  Compensation Department the nature of her illness and Wells Fargo "sent [Ms. Li] two monitors
2  to use instead of her laptop to address the issue with her vision." (*Id.*) These monitors "were
3  never used because [Wells Fargo] failed to send anyone to set them up" and it further "denied
4  Plaintiff's [worker's compensation] claim." (*Id.*) Ms. Li was soon after "diagnosed with macular
5  degenerative changes compounded by asthenopia and accommodative spasms due to prolonged
6  work hours on computer monitors." (*Id.*) She was then "placed on modified duty" to
7  accommodate her vision. (*Id.*)

8  While on modified duty, Ms. Li received a negative year-end review from Wells Fargo
9  even though she "at all times performed at a very high level." (*Id.* ¶ 13.) Ms. Li repeatedly
10 advised her supervisor Mr. el Zahhar about the negative impact her health was having on her
11 ability to work. (*Id.* ¶ 14.) Mr. el Zahhar did not report her complaints to Wells Fargo, and when
12 Ms. Li told him she would complain to Human Resources, he "dissuaded [her] from doing so,
13 informing her that Defendant did not care about Plaintiff's medical condition." (*Id.*) Instead, Mr.
14 el Zahhar "ghost-wrote an email" for Ms. Li claiming "high interest rates" caused her poor
15 performance and omitting any reference to her disability. (*Id.*) In 2024, three months after Mr. el
16 Zahhar's ghost-written email, Wells Fargo terminated Ms. Li's employment. (*Id.*)

17 **II.    Procedural Background**

18 Ms. Li filed this action in state court on June 28, 2024. (Dkt. No. 1-1.) After filing an
19 answer to the complaint in state court, Wells Fargo removed the case to federal court. (Dkt. No.
20 1.) Removal was based on the Court's diversity jurisdiction under 28 U.S.C. § 1441(a). (*Id.*) On
21 October 30, Ms. Li moved for leave to amend her complaint to join a non-diverse defendant.
22 (Dkt. No. 16.) The Court reviewed the submission, and dismissed her motion, ordering Ms. Li to
23 address 28 U.S.C. § 1447(e) in her renewed motion. (Dkt. No. 18.) Ms. Li subsequently re-
24 submitted her motion for leave to amend, this time addressing § 1447(e).[1] (Dkt. No. 20). In her

---

[1] Ms. Li failed to comply with Local Rule 10-1 in her original motion for leave to amend because she did not "reproduce the entire proposed pleading" when she filed her motion. She eventually filed the amended pleading with her Reply, which was filed three days after it was originally due. (Dkt. No. 27.) The Court considers the amended complaint as though it was properly filed but reminds the parties they must review and comply with this District's Local Rules.

new motion to amend, Ms. Li makes new allegations against Mr. el Zahhar and pleads an additional cause of action for workplace harassment under California law against him and Wells Fargo. (Dkt. No. 27-2.)[2] After the hearing on the Motion, Ms. Li's counsel filed an affidavit attesting to having received that day a right to sue letter from the California Civil Rights Department on Plaintiff's behalf alleging hostile work environment harassment against Wells Fargo and Mr. el Zahhar. (Dkt. No. 29 ¶ 2.) Ms. Li also attached the right to sue letter and a proposed amended complaint that pleads exhaustion of administrative remedies for the harassment cause of action. (*Id.*) In light of this late filing, the Court permitted Wells Fargo to respond. (Dkt. No. 30.) Wells Fargo did so. (Dkt. No. 31.)

## DISCUSSION

### I.  Amendment Under 28 U.S.C. § 1447(e)

The Court has jurisdiction over Ms. Li's original complaint because there is complete diversity of citizenship between the parties. Ms. Li seeks to add as a defendant Mr. el Zahhar, a California resident whose joinder would destroy diversity of citizenship. (Dkt. No. 29.)

If after removal a plaintiff seeks to amend a complaint to join a defendant who would destroy diversity, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder."). In deciding whether to permit joinder of non-diverse defendants under § 1447(e), courts often consider six factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a);
> (2) whether the statute of limitations would preclude an original action against the new defendants in state court;
> (3) whether there has been unexplained delay in requesting joinder;
> (4) whether joinder is intended solely to defeat federal jurisdiction;
> (5) whether the claims against the new defendant appear valid; and
> (6) whether denial of joinder will prejudice the plaintiff.

---

[2] At the hearing on December 12, 2024, Wells Fargo also stipulated to Ms. Li amending her complaint to include allegations and a claim for harassment against itself, but not to Mr. el Zahhar while further stipulating to strict liability for its supervisor's actions. The Court therefore only considers the amended complaint insofar as it seeks to join Mr. el Zahhar.

1  *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)); *see also Murphy v. American General Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278-86 (C.D. Cal. 2015) (analyzing the *IBC* factors); *Garcia v. Welltower OpCo Group, LLC*, No. 8:20-CV-02250 JVS-KESx, 2023 WL 2612605, at *6 (C.D. Cal. Mar. 23, 2023) ("Absent binding authority from the Ninth Circuit clarifying the standard to be applied under section 1447(e), the [c]ourt balances" the *IBC* "factors."); *3WL, LLC v. Master Protection, LPO*, 851 Fed. App'x 4, 7 (9th Cir. Mar. 11, 2011) ("Because the language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder, this court has upheld such denials where the district court considered the potential prejudice to the plaintiff, balanced the equities, and determined that no injustice would occur.") (cleaned up).  "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Graunstadt v. USS-Posco Indus.*, No. C 10-03225-SI, 2010 WL 3910145, at *2 (N.D. Cal. Oct. 5, 2010).

Ms. Li argues amendment is proper under Federal Rules of Civil Procedure 15 and a presumption in favor of amendment therefore follows.  (Dkt. No. 20 at 12 (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  But the Court's previous order denied her motion for leave to amend on the grounds that the proper legal basis for amendment is under § 1447(e), not Rule 15.  (Dkt. No. 18 at 1.)  However, her motion applies the factors from *Foman v. Davis*, which share similarities with the six *IBC* factors courts analyze under § 1447(e).  *Compare Sonoma Cnty. Ass'n of Retired Emps. V. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (considering "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of the amendment, or [5] futility of amendment) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *with IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011 (citing the six factors *supra*).  The Court will analyze the six factors from *IBC* in exercising its discretion under § 1447(e).

### a.  Whether Mr. el Zahhar Is a Necessary Party or Needed for Just Adjudication

Ms. Li alleges one cause of action against Mr. el Zahhar—a Fair Employment and Housing

4

Act ("FEHA") unlawful harassment claim—which she also brings against Wells Fargo. (Dkt. No. 27-2 ¶ 111.) To state a FEHA disability harassment claim under California Government Code § 12940, a plaintiff must plead "that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their disability." *Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 927 (2017) (cleaned up); *see also Mattioda v. Nelson*, 98 F.4th 1164, 1175 (9th Cir. 2024) (cleaned up) (holding FEHA harassment claims require a showing that "the [underlying] conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."). A court must look "at all the circumstances" to determine if such a claim is properly plead, including, "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Hope v. Cal. Youth Authority*, 134 Cal. App. 4th 577, 588 (2005) (quoting *Miller v. Dept. of Corr.*, 46 Cal. 4th 446, 462 (2005)).[3] In the FEHA framework, discrimination "refers to bias in the exercise of *official actions* on behalf of the employer, and harassment refers to bias that is expressed or communicated through *interpersonal relations* in the workplace." *Doe v. Dept. of Corr.*, 43 Cal. App. 5th 721, 736 (2019) (quoting *Roby v. McKesson, Corp.*, 47 Cal. 4th 686, 707 (2009)). In other words, FEHA "[h]arassment claims are based on a type of conduct that is *avoidable* and *unnecessary* to do job performance." *Id.* (quoting *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998)).

Ms. Li's proposed amended complaint states a claim for disability harassment under FEHA. Ms. Li alleges she "on multiple occasions" complained of her deteriorating vision to Mr. el Zahhar. (Dkt. No. 29 ¶ 14.) She alleges Mr. el Zahhar ignored her requests for reasonable

---

[3] Also, "an employee must exhaust his or her administrative remedies by filing a verified complaint with the DFEH and obtaining a right-to-sue notice from the agency." *Brown v. City of Sacramento*, 37 Cal. App. 5th 587, 600 (2019). Ms. Li's originally filed amended complaint had not properly pled a timely exhaustion of remedies. However, Ms. Li's counsel's later-filed affidavit appended a new amended complaint which pleads exhaustion of remedies and includes a right to sue letter. (Dkt. No. 29.) In reply, Wells Fargo does not concede exhaustion of remedies was properly pled, but also does not argue it was improperly pled. (Dkt. No. 31.) Drawing all reasonable inferences in Ms. Li's favor, Ms. Li has pled exhaustion of remedies.

1    accommodations.  (*Id.*)  And she received negative performance reviews due to issues she was
2    having because of her disability.  (*Id.* ¶¶ 13-14.)  She further alleges, Mr. el Zahhar told her Wells
3    Fargo "did not care about [her] medical condition" and expressly instructed her not to tell the
4    company about her medical condition.  (*Id.* ¶ 14.)  And Mr. el Zahhar ghost-wrote an email for her
5    where he blamed her work performance on factors other than her disability.  (*Id.*)  These alleged
6    facts support a reasonable inference Ms. Li suffered harassment "severe enough or sufficiently
7    pervasive to alter the conditions of employment and create a work environment that qualifies as
8    hostile or abusive to [her] because of [her] disability."  *Cornell*, 18 Cal. App. 5th at 927.

9        Wells Fargo argues the allegations are insufficient because they merely involve "a single
10   personnel decision."  *Villarroel v. Staples, Inc.*, 697 F. Supp. 3d 901, 904 (N.D. Cal. 2023).
11   Unlike in *Villarroel*, however, when the plaintiff alleged one instance when her supervisor told her
12   to work on Sundays, *see id.*, Ms. Li alleges a pattern of personnel decisions, actions ignoring her
13   disability, statements about the company's view of her disability, and an occasion when her
14   supervisor wrote an email hiding her disability.  (Dkt. No. 29 ¶¶ 13-14.)  Wells Fargo also
15   contends the complaint only alleges "quintessential personnel management activities that do not
16   constitute harassment."  (Dkt. No. 21 at 23.)  However, some "personnel actions may serve as the
17   basis for a harassment claim," and here, the alleged personnel actions occurred in conjunction with
18   interpersonal actions that went beyond what Mr. el Zahhar needed to do in order to perform his
19   managerial functions.  *Villarroel*, 697 F. Supp. 3d at 904 (citing *Roby*, 47 Cal. 4th at 707).
20   Drawing reasonable inferences in Ms. Li's favor, ghost-writing an email to hide a disability,
21   commenting about how a company does not care about your disability, and repeatedly ignoring a
22   subordinate's request for disability accommodations, are not "quintessential personnel
23   management activities that do not constitute harassment."  (Dkt. No. 21 at 23.)

24       Wells Fargo counters that even if Ms. Li states a harassment claim against Mr. el Zahhar,
25   he is still not a necessary defendant.  At the December 12 hearing, Wells Fargo conceded it is
26   strictly liable for Mr. el Zahhar's misconduct as a supervisor and cited authority holding joinder is
27   unnecessary because Ms. Li "could be fully satisfied by the other defendants."  *Newcombe*, 157
28   F.3d at 691.  However, FEHA's harassment prohibitions "apply to individual persons as well as

6

employers." *Reno v. Baird*, 18 Cal. 4th 640, 659-660 (1998) (citing Cal. Gov't Code § 12940(h)(1)). So, a plaintiff may hold supervisors personally liable even if their employers are also strictly liable for some or all of their conduct. Indeed, the California Supreme Court has upheld punitive damages against a supervisor when both the supervisor and employer were held liable for harassment and the supervisor's conduct was egregious, but the employer's conduct was not. *Roby*, 47 Cal. 4th at 713-720 (upholding punitive damages against a supervisor but reversing against the employer since it had acted with a "relatively low degree of reprehensibility" despite holding both liable for harassment). So, while Ms. Li may recover in part from Wells Fargo, she may yet be unable to be make full recovery unless she joins Mr. el Zahhar.

Because Ms. Li states a valid claim against Mr. el Zahhar and he may be needed for just adjudication of the action, these two factors weigh in favor of removal.

### b. Additional Factors, Taken Together, Weigh in Favor of Joinder

The remaining factors, when taken together, also favor joinder.

First, Ms. Li timely moved to amend her complaint only three months after she filed her first complaint. So, this factor weighs in her favor. However, Ms. Li acknowledges her harassment claim is not barred by the statute of limitations. (Dkt. No. 20 at 25.) Courts have found "if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court." *Yang v. Swissport*, C 09-03823 SI, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010). But it would prejudice Ms. Li, an individual, to require her to litigate two separate cases based on largely the same facts. And it would also be a waste of judicial resources. So, this factor is neutral.

Further, denial of joinder may prejudice Ms. Li. If Mr. el Zahhar is not joined in the suit, Ms. Li would not be able to assert her statutory rights against him, which are permitted by California law. *Page v. Sup. Ct.*, 31 Cal. App. 4th 1206, 1213 (1995) ("We conclude the policy of deterring and eliminating harassment and retaliation in employment is served by holding a supervisor liable for his own acts which are violative of FEHA in accordance with the plan language of FEHA."). Given the California policy favoring "holding a supervisor liable for his

own acts which are violative of FEHA," this factor favors joinder as well. *Id.*

Finally, some courts "consider the motive of a plaintiff in joining a non-diverse party with 'particular care' when 'the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court.'" *Murphy*, 74 F. Supp. 3d at 1285 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). But even assuming Ms. Li is motivated by wanting to litigate in state court, Wells Fargo's removal and motion opposition is motivated by wanting to be in federal court. And Ms. Li did not move to amend after receiving an unfavorable court ruling; she promptly stated her intention to amend shortly after removal. So, this factor is neutral.

For the above reasons, the Court will exercise its discretion to permit the joinder of Mr. el Zahhar as a defendant in this matter. 28 U.S.C. § 1447(e). Because the Court so exercises its discretion, it finds it no longer retains subject matter jurisdiction since Mr. el Zahhar's joinder defeats complete diversity so the Court no longer retains jurisdiction under § 1441(a). Therefore, the Court also GRANTS Ms. Li's motion for leave to amend her complaint and for remand.

## CONCLUSION

Because the Court finds the balance of the equities favors joinder, and that Ms. Li would be prejudiced by a failure to join Mr. el Zahhar as defendant in this case, the Court GRANTS Ms. Li's motion for leave to amend her complaint to join Mr. el Zahhar. Because joinder of Mr. el Zahhar destroys complete diversity, the Court further GRANTS Ms. Li's motion for remand.

This Order disposes of Docket No. 20.

**IT IS SO ORDERED.**

Dated: December 20, 2024

JACQUELINE SCOTT CORLEY
United States District Judge